COPY

1   HANSON BRIDGETT LLP
    GARNER K. WENG, SBN 191462
2   gweng@hansonbridgett.com
    LAWRENCE M. CIRELLI, SBN 114710
3   lcirelli@hansonbridgett.com
    CHRISTOPHER S. WALTERS, SBN 267262
4   cwalters@hansonbridgett.com
    425 Market Street, 26th Floor
5   San Francisco, California 94105
    Telephone:   (415) 777-3200
6   Facsimile:   (415) 541-9366

ORIGINAL FILED
SEP 05 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

E-filing

7   Attorneys for Plaintiff
    ROCKET DOG BRANDS, LLC

8

9               UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

NC

11

12  ROCKET DOG BRANDS, LLC, a          CASE NO. C 12 4643
    Delaware limited liability company,
13                                      PLAINTIFF'S COMPLAINT FOR:
                 Plaintiff,
14                                      1.   BREACH OF CONTRACT
        v.
15                                      2.   BREACH OF IMPLIED
    GMI CORPORATION, a New York              COVENANT OF GOOD FAITH
16  corporation,                            AND FAIR DEALING

17               Defendant.              JURY TRIAL DEMANDED

18

19      Plaintiff Rocket Dog Brands, LLC ("Plaintiff" or "Rocket Dog Brands"), by and

20  through its undersigned attorneys, brings this action against Defendant GMI Corporation

21  ("Defendant," "Distributor," or "GMI") for breach of contract and breach of the implied

22  covenant of good faith and fair dealing.

23                       **JURISDICTION AND VENUE**

24      1.   This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, because

25  the parties to this action are citizens of different States and the amount in controversy

26  exceeds $75,000, exclusive of interest and costs.

27      2.   Defendant is subject to this Court's personal jurisdiction by reason of its

28  express consent and agreement to resolve disputes arising under the parties' written

4657413.2
                                -1-
COMPLAINT FOR BREACH OF CONTRACT

1 | contract in the courts of the Northern District of California and pursuant to the laws of the
2 | State of California. Further, personal jurisdiction over Defendant is proper in this Court
3 | because Defendant does business in the State of California, including in this judicial
4 | district, and because Defendant expressly aimed the acts alleged in this Complaint at this
5 | judicial district.

6 | 3.   Venue in this judicial district is proper under 28 U.S.C. § 1391(b), among
7 | other things because a substantial part of the events or omissions giving rise to the
8 | claims in this Complaint occurred in this judicial district, because a substantial part of the
9 | harm set forth in this Complaint was directed to and felt by Plaintiff in the judicial district,
10 | and because Defendant has expressly consented to personal jurisdiction and venue in
11 | this judicial district.

12 | **INTRADISTRICT ASSIGNMENT**

13 | 4.   Intradistrict assignment to the Oakland Division is appropriate under Civil
14 | L.R. 3-2(c), among other things because a substantial part of the events or omissions
15 | giving rise to the claims in this action occurred in the County of Alameda; and a
16 | substantial part of the harm set forth in this Complaint was directed to and has been felt
17 | by Plaintiff in the County of Alameda.

18 | **PARTIES**

19 | 5.   Plaintiff Rocket Dog Brands, LLC is a limited liability company organized
20 | and existing under the laws of the State of Delaware, having its principal place of
21 | business at 24610 Industrial Blvd., Hayward, California 94545.

22 | 6.   On information and belief, Defendant GMI Corporation is a corporation
23 | organized and existing under the laws of the State of New York, having its principal place
24 | of business in the State of New York.

25 | **FACTUAL BACKGROUND**

26 | *The Licensing and Distribution Agreement*

27 | 7.   On or about October 1, 2010, Plaintiff Rocket Dog Brands and Defendant
28 | GMI entered into a written contract titled, Rocket Dog Brands Licensing and Distribution

4657413.2

COMPLAINT FOR BREACH OF CONTRACT

1    Agreement, which became effective as of January 1, 2011 (the "Main Agreement").

2    Stefano Maroni signed the Main Agreement on behalf of Defendant, as its President and

3    Chief Executive Officer.

4         8.    The Main Agreement granted certain exclusive rights to Defendant to

5    design, manufacture, distribute, and sell men's and kids' footwear ("Products") under

6    certain trademarks owned by Rocket Dog Brands, namely, marks "made up solely of the

7    term 'ROCKET DOG'" and the Running Dog design logo, with specific licensed marks

8    shown in an exhibit attached to the agreement ("Rocket Dog Trademarks"). The Main

9    Agreement set out processes to ensure design and product quality, with the branded

10   footwear to be approved by Rocket Dog Brands ("Licensed Products"). And, the Main

11   Agreement provided that Defendant must pay royalties to Rocket Dog Brands based on

12   net sales.

13        9.    The Main Agreement also required Defendant to use its "best efforts" to

14   develop and promote Licensed Products:

15             Through the Term, Distributor [GMI] must use its best efforts to promote,
               develop the market for, sell and distribute Licensed Products in or through
16             the Approved Channels of Distribution. Among other things, through the
               Term, Distributor [must] maintain a business and sales organization
17             adequate to distribute and sell the Licensed Product in and through the
               Approved Channels of Distribution sufficient to meet or exceed Minimum
18             Sales.

19        10.   In addition to the general requirement of best efforts, the Main Agreement

20   set forth specific requirements and goals for GMI's performance, including minimum

21   sales, minimum sales in each category of men's and kids' footwear respectively, and

22   minimum royalties. In turn, the Main Agreement required Defendant to undertake certain

23   levels of advertising and promotion, including in pertinent part:

24             The term "Advertising Expenditures" means expenditures on advertising,
               promoting, and marketing the Licensed Products in and through the
25             Approved Channels of Distribution, including without limitation
               communications in any medium directed to the public, store window
26             displays, posters, point-of-sale materials, media, and billboards—but
               expressly excluding co-op advertising and all costs associated with
27             participation in trade shows (such as booths, fees, travel, lodging, food,
               entertainment, and any other related costs).

28

4657413.2

                                        -3-
COMPLAINT FOR BREACH OF CONTRACT

1
2
3
4
5

> Unless otherwise agreed to in writing by Rocket Dog Brands, during each calendar year (or portion thereof) of the Term, Distributor agrees to spend a sum not less than 2% of Net Sales in the that year (and during the initial year of the Term, not less than 2% of Minimum Sales for that year) on Advertising Expenditures. In the event Distributor fails to meet its required Advertising Expenditure requirement in any given year, Distributor shall pay to Rocket Dog Brands the difference between the required and actual expenditures, due and payable no later than 60 days after the end of each calendar year in which there is a shortfall.

6  Also as part of advertising and promotion, the Main Agreement required Defendant to

7  include a link to Rocket Dog Brands' website on its website.

8        11.    Likewise, the Main Agreement included numerous provisions setting forth

9  the processes to ensure design and product quality. As examples, the Main Agreement

10  provided that: GMI could not subcontract manufacturing without Rocket Dog Brands' prior

11  written consent; GMI could not subcontract design work without Rocket Dog Brands' prior

12  written consent; and GMI had to provide a sample of each and every Licensed Product to

13  Rocket Dog Brands to allow Rocket Dog Brands to check quality and maintain a historical

14  sample line. Additionally, the Main Agreement required GMI to provide Rocket Dog

15  Brands with periodic reports, including without limitation monthly sales reports, quarterly

16  detailed sales reports, quarterly reports on royalties, annual reports on Advertising

17  Expenditures, annual business plans, annual marketing plans, and annual insurance

18  verifications (individually and collectively, "Reports").

19        12.    The Main Agreement also set forth that the parties submit to jurisdiction in

20  California and agree that claims arising under the Agreement shall be brought exclusively

21  in the County of Alameda or the United States District Court for the Northern District of

22  California; and the Main Agreement provided that, in any action brought to enforce its

23  terms, the prevailing party is entitled to recover its costs, including reasonable attorney's

24  fees, expert witness fees, and litigation expenses.

25  ***Defendant GMI's Early Issues and Initial Attempts to Get Out of Contract***

26        13.    In 2011, after the Main Agreement took effect, Defendant GMI showed

27  signs of being less than fully responsive and attentive to its obligations under the Main

28  Agreement. As examples, though there were discussions of potential subcontracted

4657413.2

COMPLAINT FOR BREACH OF CONTRACT

1 manufacturers and potential subcontracted designers, Defendant failed to complete these

2 discussions with Rocket Dog Brands — failing to respond to Rocket Dog Brands' inquiries

3 and failing to seek or obtain the contractually-required written approvals from Rocket Dog

4 Brands. As an example, in April 2011, Rocket Dog Brands followed up with Defendant to

5 remind it of the approval processes and noting that there would need to be written

6 agreements with any approved subcontractors to protect Rocket Dog Brands' intellectual

7 property. Likewise, Rocket Dog Brands followed up on numerous occasions to ask for the

8 final samples for its historical sample line without ever gaining the samples.

9     14.    Most telling, however, Defendant got off to a slow start in actually bringing

10 Licensed Products to market and making actual sales. Though the minimum sales for the

11 first year were much lower than subsequent years, Defendant was far off pace. Among

12 other things, Defendant was making virtually no sales of Licensed Products in the men's

13 category.

14     15.    In the meantime, on information and belief, Defendant was having second

15 thoughts about its ability to perform under the Main Agreement. On April 8, 2011, an e-

16 mail internal to Defendant reveals Defendant's hope to get out of the Main Agreement —

17 in it, Defendant states, "This is getting to be way too difficult for what we are getting out of

18 it. My suggestion is that we get ourselves out of this as soon as we can."

19     16.    Indeed, Defendant ultimately approached Rocket Dog Brands and asked to

20 be released from the Main Agreement outright — in other words, to get out of the deal that

21 it had already struck and for which it had signed on the dotted line. In these discussions,

22 Defendant raised no issues regarding any alleged acts or omissions by Rocket Dog

23 Brands — let alone suggested Rocket Dog Brands had breached the Main Agreement in

24 any way. Rather, Defendant was simply asking to be let out of the contract. Rocket Dog

25 Brands had no legal obligation whatsoever to do this or to renegotiate the terms that had

26 been agreed already in the Main Agreement. Nevertheless, in good faith and in the spirit

27 of cooperation, Rocket Dog Brands tried to work out certain accommodations for

28 Defendant.

COMPLAINT FOR BREACH OF CONTRACT

1    *The Amendment to the Licensing And Distribution Agreement*

2        17.    On or about November 22, 2011, Plaintiff Rocket Dog Brands and

3 Defendant GMI entered into a written contract titled, Amendment to Rocket Dog Brands

4 Licensing and Distribution Agreement (the "Amendment"). The Amendment amended the

5 Main Agreement. Stefano Maroni signed the Amendment on behalf of Defendant, as its

6 President and Chief Executive Officer. As used in this Complaint, the term "Agreement"

7 refers to the Main Agreement as amended by the Amendment.

8        18.    In the Amendment, Defendant GMI expressly agreed:

9           To date, Rocket Dog Brands has fulfilled all of its obligations under the
          [Main] Agreement. Nevertheless, Distributor has asked for accommodations
10         regarding its obligations to pay royalties to Rocket Dog Brands pertaining to
          Net Sales during the first and second years of the Term of the [Main]
11         Agreement. . . .

12        19.    While the Amendment allowed adjustments to certain minimum royalties

13 and extended timeframes for certain royalty payments, it also provided that failures by

14 Defendant to make payments timely reverted the minimum royalties back to the amounts

15 stated in the Main Agreement and further allowed Rocket Dog Brands to call for

16 immediate payment of the minimum royalties for the first two years of the Agreement.

17 Most of the other provisions of the Main Agreement, including those described above,

18 remained unchanged.

19    *Defendant GMI's Ongoing Lack of Effort and Breaches*

20        20.    On information and belief, rather than building out its business and sales

21 organization to ramp up sales of Licensed Products and meet the obligations of the

22 Agreement, Defendant GMI scaled back its organization. Shortly after the Amendment

23 was signed, Defendant parted ways with its Chief Operating Officer; and on information

24 and belief, Defendant made no attempt to fill the vacant position and did not fill the

25 position. Moreover, on information and belief, throughout the entire relationship,

26 Defendant was providing services relating to the Agreement through its related company,

27 GMI USA Corp.; and on information and belief, in January 2012, GMI USA Corp. was

28 dissolved, without any mention or notice to Rocket Dog Brands.

4657413.2

COMPLAINT FOR BREACH OF CONTRACT

1    21.    Defendant continued to lag in its performance under the Agreement. As just
2    one example, in or about Fall 2011, Rocket Dog Brands referred a significant lead to
3    Defendant – a prominent national retailer with scores of locations in numerous states
4    expressing interest in the Licensed Products. It took months, and several reminders from
5    Rocket Dog Brands, before Defendant even reached out to this retailer.

6    22.    As another example, Defendant neither undertook the contractually-
7    required advertising and promotion nor seemed to be concerned about doing so. On
8    January 17, 2012, Rocket Dog Brands followed up with Defendant to request information
9    and documentation regarding Defendant's required Advertising Expenditures for 2011.
10    On January 18, 2012, Defendant responded, indicating that Defendant had not spent
11    "any money in marketing except the ones to support sales (tradeshows)." As described
12    above, the Main Agreement provided that trade shows are not counted as part of
13    required Advertising Expenditures. In any event, Defendant never sent the requested
14    information or documentation about Advertising Expenditures, essentially confirming that
15    it did not make them.

16    23.    Likewise, Defendant's performance in other areas of the Main Agreement
17    left much to be desired, with no signs that Defendant was dedicating the time, resources,
18    or attention to improve.

19
20    ***Rocket Dog Brands Gives Formal Notice of Breaches, in Response to which
Defendant GMI Makes No Attempt to Cure the Breaches***

21    24.    On or about May 4, 2012, Plaintiff Rocket Dog Brands gave Defendant GMI
22    formal written notice of Defendant's numerous breaches of the Agreement, noting that
23    Defendant had 45 days to cure the breaches, failing which, the Agreement would
24    terminate. On or about May 29, 2012, Defendant wrote back to Rocket Dog Brands,
25    responding to the notice and attempting to explain away the breaches — but making no
26    attempt to cure the breaches. On or about June 4, 2012, Rocket Dog Brands wrote back
27    to Defendant, responding to its letter and underscoring that the breaches needed to be
28    cured. Defendant GMI did not respond to this letter, nor did it make any attempts to cure

1 | the breaches.

2 |     25.    Defendant's breaches of the Agreement, of which Rocket Dog Brands gave

3 | Defendant notice and which Defendant failed to cure, include without limitation:

4 |     a.    Defendant failed to reach the contractually-required minimum sales,
including the contractually-required minimum sales in the men's

5 | category. Defendant also failed to pay all royalties due and
outstanding to Rocket Dog Brands.

6 |

7 |     b.    Defendant failed to exert best efforts to promote, develop the market
for, sell, and distribute the Licensed Products. Among other things,
Defendant failed to maintain a business and sales organization

8 | adequate to distribute and sell the Licensed Products to meet or
exceed the contractually-required minimum sales. Defendant failed

9 | to fulfill its obligations regarding minimum Advertising Expenditures.
Defendant failed to include the contractually-required link to Rocket

10 | Dog Brands' website on its website.

11 |     c.    Defendant failed to provide the contractually-required samples of
each Licensed Product to Rocket Dog Brands for its historical

12 | sample line.

13 |     d.    Defendant failed to meet its obligations regarding providing the
contractually-required Reports to Rocket Dog Brands.

14 |

15 |     e.    Defendant failed to obtain Rocket Dog Brands' prior written approval
for subcontracted manufacturing, as contractually-required.
Defendant also failed to obtain Rocket Dog Brands' prior written

16 | approval for subcontracted design work, as contractually-required.

17 |     26.    Additionally, as one of the consequences of Defendant's breaches and

18 | failure to follow the processes required under the Agreement, Defendant failed to procure

19 | written agreements with purported subcontractors and vendors to protect Rocket Dog

20 | Brands' intellectual property and proprietary information as contractually-required,

21 | including without limitation non-disclosure agreements and agreements regarding

22 | ownership of intellectual property. Worse, as Rocket Dog Brands later discovered,

23 | Defendant was not simply subcontracting manufacturing without the contractually-

24 | required written consent — Defendant subcontracted manufacturing to a vendor knowing

25 | that that vendor would in turn be subcontracting manufacturing to yet another vendor,

26 | without disclosure of all this to Rocket Dog Brands.

27 |     27.    On or about June 21, 2012, Rocket Dog Brands wrote to Defendant to

28 | confirm that Defendant's breaches remain uncured and that the termination was effective

COMPLAINT FOR BREACH OF CONTRACT

1 | as of that date. On or about June 26, 2012, Defendant wrote to Rocket Dog Brands,

2 | stating that it agreed that the termination was effective as of June 21, 2012.

3 |     28.    On or about July 10, 2012, Rocket Dog Brands wrote to Defendant to once

4 | again demand the outstanding payments still owed to Rocket Dog Brands by Defendant

5 | under the Agreement. To this date, Defendant has failed to remit the outstanding

6 | payments required under the Agreement.

7 | **FIRST CLAIM FOR RELIEF**

8 | **(For Breach of Contract)**

9 |     29.    Plaintiff Rocket Dog Brands repeats, re-alleges, and incorporates herein by

10 | reference as though fully set forth, the allegations contained in Paragraphs 1 through 28

11 | above.

12 |     30.    Rocket Dog Brands has fully performed the material obligations imposed by

13 | the Agreement that were not otherwise excused as a result of Defendant GMI's breaches

14 | of the Agreement. As set forth in this Complaint, Defendant's acts and omissions

15 | constitute material breaches of the Agreement.

16 |     31.    As a direct and proximate result of Defendant's breaches, Rocket Dog

17 | Brands has been damaged, and will continue to be damaged, in an amount to be proven

18 | at trial and currently estimated to be at least $880,000.

19 | **SECOND CLAIM FOR RELIEF**

20 | **(For Breach of Covenant of Good Faith and Fair Dealing)**

21 |     32.    Plaintiff Rocket Dog Brands repeats, re-alleges, and incorporates herein by

22 | reference as though fully set forth, the allegations contained in Paragraphs 1 through 31

23 | above.

24 |     33.    The Agreement contains an implied covenant of good faith and fair dealing.

25 | Among other things, this covenant requires each party to do nothing that would deprive

26 | the other parties of the benefits of the Agreement and to do what the Agreement

27 | presupposes that party will do to accomplish the purposes of the Agreement. As set forth

28 | in this Complaint, Defendant's acts and omissions constitute breaches of this covenant.

4657413.2

COMPLAINT FOR BREACH OF CONTRACT

34.     As a direct and proximate result of Defendant's failure to perform its obligations in good faith, Rocket Dog Brands has been damaged, and will continue to be damaged, in an amount to be proven at trial and currently estimated to be at least $880,000.

**PRAYER FOR RELIEF**

Plaintiff Rocket Dog Brands prays for judgment as follows against Defendant with respect to each claim of relief:

1.     For damages against Defendant in the amount of its profits and compensatory damages for the injuries sustained by Rocket Dog Brands in consequence of the acts and omissions described in this Complaint, according to proof.

2.     For an award of costs and attorneys' fees.

3.     For such other and further relief as the Court deems just and proper.

DATED: September 5, 2012                    HANSON BRIDGETT LLP


By: _____
GARNER K. WENG
LAWRENCE M. CIRELLI
CHRISTOPHER S. WALTERS
Attorneys for Plaintiff
ROCKET DOG BRANDS, LLC

**DEMAND FOR JURY TRIAL**

Plaintiff Rocket Dog Brands, LLC hereby demands a trial by jury of all claims so triable.

DATED: September 5, 2012                    HANSON BRIDGETT LLP


By: _____
GARNER K. WENG
LAWRENCE M. CIRELLI
CHRISTOPHER S. WALTERS
Attorneys for Plaintiff
ROCKET DOG BRANDS, LLC

4657413.2

COMPLAINT FOR BREACH OF CONTRACT