Sarah E. Barrows (SBN 253278)
GREENBERG TRAURIG, LLP
Four Embarcadero Center, Suite 3000
San Francisco, CA 94111
Telephone: (415) 655-1300
Facsimile: (415) 707-2010
Email: barrowss@gtlaw.com

*Attorneys for Defendant*
GMI USA CORP.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROCKET DOG BRANDS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>GMI CORPORATION, a New York corporation,<br><br>Defendants. | CASE NO. C12-4643 SI<br><br>**DEFENDANT'S *EX PARTE* APPLICATION FOR AN EXTENSION OF TIME TO RESPOND TO DISCOVERY DUE JULY 1, 2013**<br><br>The Honorable Susan Ilston |

Pursuant to Federal Rule of Civil Procedure 6(b) and Civil Local Rule 7-10, Defendant GMI USA Corp. ("GMI" or "Defendant"), by and through its counsel, requests a short extension of time to respond to discovery propounded by Plaintiff Rocket Dog Brands, LLC ("Rocket Dog").

At present, Defendant has the deadline of July 1, 2013 to respond to Rocket Dog's discovery. As detailed further below, Rocket Dog had given GMI the impression it was interested in continuing settlement talks in advance of the July 9, 2013 telephonic conference with Magistrate Judge Vadas, and, further, that Rocket Dog would hold discovery in abeyance to allow these settlement communications to take place. Then, at nearly 5:00 p.m. on June 28, 2013,

the literal eve of the deadline to respond to discovery and the very day that Rocket Dog represented it would finally respond to GMI regarding outstanding settlement issues, counsel for Rocket Dog refused to grant GMI a short extension for the discovery due July 1, 2013. GMI informed Rocket Dog that the belated refusal to grant a short extension would prevent GMI from being able to communicate with its client before the July 1, 2013 deadline but Rocket Dog continued to refuse to grant the short extension.

**Brief Factual Background**

Rocket Dog served GMI with Requests for Admission, Requests for Production and Interrogatories on May 17, 2013, days before the parties' settlement conference before Magistrate Judge Vadas on May 22, 2013. Unfortunately, GMI and Rocket Dog did not settle their dispute on May 22, 2013. However, the parties decided settlement may still be possible subject to further discussion between the counsel for each respective party. Accordingly, the parties agreed to continue settlement discussions and to schedule a telephonic settlement conference with Judge Vadas on June 25, 2013. *See* D.E. 36.

Following the May 22, 2013 settlement conference, GMI made numerous attempts to contact Rocket Dog and further settlement conversations. Rocket Dog repeatedly represented it would be interested in furthering these discussions, but also continually delayed in responding to GMI to schedule the calls necessary to facilitate such settlement talks or to respond to the settlement information GMI presented.

On Friday June 7, 2013 the parties were finally able to speak regarding further settlement discussions and extending the time to respond to Rocket Dog's discovery. *See* June 28, 2013 Declaration of Sarah E. Barrows at ¶ 2 ("Barrows Decl."). On Tuesday June 11, 2013 GMI sent Rocket Dog additional settlement information in an effort to further settlement discussions and to inquire on the status of the stay of discovery. Barrows Decl. Ex. 1 at p. 2-3 (June 11, 2013 email from Sarah Barrows to Garner Weng and Christopher Walters at 5:23 p.m., inquiring about the stay of discovery and providing additional legal support for GMI's settlement positions).

On June 14, 2013 Rocket Dog apologized for its delay in responding to GMI, promised it was reviewing the settlement information from GMI, and offered to give GMI a two week

extension on GMI's responses "for now" and explained that it would "be willing to discuss further extensions down the road." Barrows Decl. Ex. 2 at p. 2-3 (June 14, 2013 email from Christopher Walters at 3:52 p.m., stating, "Sorry not to get back to you sooner. We can give you a two week extension on GMI's responses for now, and we will be willing to discuss further extensions down the road.").

However, despite Rocket Dog's June 14 representations that it continued to be interested in settlement discussions and would be reasonable in holding discovery in abeyance to allow this process to take place, Rocket Dog instead strung GMI along for an additional two weeks—even continuing the telephonic conference with Magistrate Judge Vadas to allow for settlement conversations to take place—and continually put off responding to GMI while simultaneously representing that it was, in fact, interested in settlement communications.

Specifically, on June 17, 2013 GMI again sought to further the settlement discussions with Rocket Dog and proposed that the parties may need to extend the time to join a telephonic conference with Magistrate Judge Vadas in order to allow for Rocket Dog to respond to GMI's June 11, 2013 settlement information. Barrows Decl. Ex. 2 at p.1-2 (June 17, 2013 email from Blake Cunningham at 11:55 a.m.). On June 21, 2013, Rocket Dog agreed it would make sense to move the telephonic conference with Magistrate Vadas and again represented that it was reviewing GMI's settlement information and was "in the process of organizing a response that we plan to have to you shortly." *Id.* at p.1 (June 21, 2013 email from Christopher Walters at 1:20 p.m.).

GMI immediately responded to Rocket Dog to request a call and to take measures to move the June 25, 2013 call with Magistrate Judge Vadas. Barrows Decl. Ex.3 at p. 1 (June 21, 2013 email from Sarah Barrows at 5:32 p.m., agreeing it makes sense to reschedule the call with Judge Vadas "to let us have an opportunity to talk on at least one more occasion."). Rocket Dog responded on June 24, 2013 to apologize for the delay and to continue to give GMI the impression that it was intending to continue settlement conversations—explaining that it was seeking to schedule a call as soon as practicable. *Id.* at p. 1 (June 24, 2013 email from

Christopher Walters at 2:35 p.m.). Pursuant to the parties' stipulation and proposed order, Magistrate Vadas then continued the telephonic settlement conference to July 9, 2013. D.E. 40.

On June 24, 2013, GMI requested an extension of time to respond to discovery until July 31, 2013, so that the parties could have an opportunity to speak about settlement and meet telephonically with Judge Vadas on July 9, 2013. Barrows Decl. Ex. 4 at p. 1-2 (June 24, 2013 email from Sarah Barrows at 4:23 p.m., asking whether Rocket Dog is willing to further extend discovery to give the parties "the opportunity to speak about settlement again and met again with Judge Vadas."). Days later, on June 26, Rocket Dog explained it could not grant an extension until July 31, 2013. Barrows Decl. Ex.4 at p.1 (June 26, 2013 email from Christopher Walters at 1:40 p.m.). In that communication, Rocket Dog explained, for the first time, that it was unclear about GMI's intention to continue settlement discussion. *Id.* This comment was out-of-the-blue considering that GMI had made so many attempts to engage Rocket Dog in settlement conversations, and because GMI had been waiting for two weeks for a response from Rocket Dog on the initial settlement information that GMI sent on June 11, 2013. Barrows Decl. Ex. 1-4. Nevertheless, even the June 26, 2013 communication from Rocket Dog explained that it could consider another extension and/or alteration of the case schedule. Barrows Decl. Ex.4 at p.1 (June 26, 2013 email from Christopher Walters at 1:40 p.m.).

Counsel for GMI was travelling for work on the East Coast on June 26 and June 27 and made several attempts to contact counsel for Rocket Dog for the purpose of requesting a very short extension of time to respond to discovery so that GMI would have the opportunity to confer with its client and provide accurate, and substantive responses to discovery—something that would not be possible to accomplish in the two business day before the imposed deadline of July 1, 2013. Barrows Decl. ¶ 7.

Despite numerous voice mails and emails to counsel for Rocket Dog, Rocket Dog did not respond to GMI until nearly 5:00 p.m. on June 28, 2013 to decline any extension of discovery. Barrows Decl. ¶ 8.

**ARGUMENT**

Rocket Dog's delay tactics have unnecessarily hindered the proceedings and prejudiced GMI's ability to provide timely, accurate, and substantive responses to discovery. Rocket Dog's tactic of inviting settlement discussion on the one hand, but repeatedly delaying a response to counsel on settlement on the other hand, and then declining to agree to a short extension of discovery on the eve of the deadline for discovery is unfair and in bad faith. Rocket Dog's last minute refusal to grant a short extension of discovery implies that Rocket Dog has no intention of seeking to resolve this dispute, and has acted in bad faith by pretending it is interested in settlement and then delaying settlement discussion—all for the purpose of putting GMI at a disadvantage in discovery.

GMI requests that the Court grant GMI's Order for a short two-week extension of discovery so that, now that it appears that further settlement discussions cannot be pursued, GMI can prepare and provide accurate and substantive responses to discovery. Good cause exists to grant Defendant's request for this short extension of time because it needs time to prepare and provide accurate and substantive responses to discovery propounded by Rocket Dog on the eve of the settlement conference with Magistrate Judge Vadas and held in abeyance during the pendency of the parties' recent attempts to engage in further settlement efforts.

GMI's request for a two-week extension will make its response to discovery due July 15, 2013 and will not prejudice Rocket Dog. The second case management conference in this matter is scheduled for July 19, 2013, and the short extension GMI's request will not alter this case event. Indeed, because the Court entered the parties stipulation and proposed Order to move the continuing case management conference from June 14, 2013 to July 19, 2013 in order to allow for settlement discussions to occur (D.E. 38), the case calendar set on April 14, 2013 (D.E. 35) already needs to be revisited and revised at the July 19, 2013 case management conference.

**CONCLUSION**

In light of the foregoing, Defendant GMI respectfully requests the Court to grant an Order in substantially the same form as the attached proposed order, providing a short extension of time from July 1, 2013 to July 15, 2013 for GMI respond to discovery.

| | |
|---|---|
| DATED: June 28, 2013 | GREENBERG TRAURIG, LLP |

                    By: /s/ *Sarah Barrows*
                         Sarah E. Barrows (SBN 253278)
                         barrows@gtlaw.com
                         GREENBERG TRAURIG, LLP
                         4 Embarcadero Center, Suite 3000
                         San Francisco, CA 94111-5983
                         Tel: (415) 655-1300
                         Fax: (415) 707-2010

                         *Attorneys for Defendant*
                         GMI USA CORP.