# Exhibit 1

**Barrows, Sarah (OfCnsl-SFO-LT)**

| | |
|---|---|
| **From:** | Christopher S. Walters <CWalters@hansonbridgett.com> |
| **Sent:** | Thursday, June 13, 2013 3:54 PM |
| **To:** | Cunningham, Blake (Assoc-SFO-IP-Tech); Garner K. Weng |
| **Cc:** | Barrows, Sarah (OfCnsl-SFO-LT) |
| **Subject:** | RE: Rocket Dog: settlement preparation follow-up |

Blake,

Thank you for your follow up. We have just sent another message to our client to confirm whether an extension is agreeable. We will do everything possible to let you know soon. Thank you also for providing additional cases in Sarah's Tuesday e-mail. We are digesting them and hope to have a response soon, whether by phone or in writing.

Best,
Chris

**Christopher S. Walters**
**Attorney**
Hanson Bridgett LLP
(415) 995-5017 Direct
(415) 995-3589 Fax
cwalters@hansonbridgett.com





This communication, including any attachments, is confidential and may be protected by privilege. If you are not the intended recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or email, and permanently delete all copies, electronic or other, you may have.

The foregoing applies even if this notice is embedded in a message that is forwarded or attached.

**From:** cunninghamb@gtlaw.com [mailto:cunninghamb@gtlaw.com]
**Sent:** Thursday, June 13, 2013 3:40 PM
**To:** Garner K. Weng; Christopher S. Walters
**Cc:** barrowss@gtlaw.com
**Subject:** RE: Rocket Dog: settlement preparation follow-up

Garner and Chris,

I wanted to follow up on Sarah's email from earlier this week since we had not heard back from you. On our call last week, you had agreed in principal that, pending client approval, we should push back the due dates for outstanding discovery requests until after we have had more of a chance to work on settlement efforts. Please let us know if your client has signed-off on this plan. We would propose making the discovery due the same day as our CMC, which should give us adequate time to focus on settlement efforts.

Also, since it is already Thursday and we did not get a chance to follow up on our call from last week, we think it may be worth considering moving the upcoming telephonic meeting with Magistrate Judge Vadas back a week. This would

provide us more time to discuss the settlement related issues and for you to provide us with further support for your positions, as discussed in last week's call.

Thanks,
Blake

---

**From:** Barrows, Sarah (OfCnsl-SFO-LT)
**Sent:** Tuesday, June 11, 2013 5:23 PM
**To:** gweng@hansonbridgett.com; cwalters@hansonbridgett.com
**Cc:** Cunningham, Blake (Assoc-SFO-IP-Tech)
**Subject:** Rocket Dog: settlement preparation follow-up

<u>**CONFIDENTIAL SETTLEMENT COMMUNICATIONS**</u>
<u>**FED. RULE OF EVIDENCE § 408**</u>

Garner and Chris,

I'm glad we had the opportunity to catch up last week.

With respect to the temporary stay on discovery as we prepare for our second settlement conference, have you received approval from your client on this issue?

In addition, per our discussion last week, we are providing you with some additional legal support for GMI's settlement position that we discussed last week.

As discussed, it is GMI's belief that Rocket Dog's attempts to enforce the $680,000 accelerated royalty provision will fail as a matter of law and fact. The accelerated royalty provision is not enforceable where it acts as a penalty that is not tied to the actual amount of damages suffered. Please see the following cases as well as those cited in GMI's settlement statement:

- *Ridgley v. Topa Thrift & Loan Ass'n*, 17 Cal.4th 970 (1998)
- *Atel Financial Corp. v. Quaker Coal Co.*, 132 F. Supp. 2d 1233, 1238-39 (N.D. Cal. 2001)
- *Sybron Corp. v. Clark Hospital Supply Corp.*, 76 Cal. App. 3d 896 (1978)

Further, GMI believes Rocket Dog should consider the impact of Section 11.2 of the license agreement, which bars damages. As a general rule, such provisions are enforceable unless unconscionable or against public policy, which is not the case here. *See e.g., Civic Center Drive Apts. Ltd. v. SW Bell Video*, 295 F. Supp. 2d 1091, 11005-06 (N.D. Cal. 2003).

Best regards,
Sarah

**Sarah Barrows**
Of Counsel
Greenberg Traurig, LLP | 4 Embarcadero Ctr, Ste. 3000 | San Francisco, CA 94111-5983
Tel 415.655.1251
barrowss@gtlaw.com | www.gtlaw.com

**GT** GreenbergTraurig

---

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate such information. Pursuant to

IRS Circular 230, any tax advice in this email may not be used to avoid tax penalties or to promote, market or recommend any matter herein.