# Exhibit 3

Case3:12-cv-04643-SI   Document42-3   Filed06/30/13   Page1 of 6

## Barrows, Sarah (OfCnsl-SFO-LT)

**From:** Christopher S. Walters <CWalters@hansonbridgett.com>
**Sent:** Monday, June 24, 2013 2:35 PM
**To:** Barrows, Sarah (OfCnsl-SFO-LT); Cunningham, Blake (Assoc-SFO-IP-Tech)
**Cc:** Garner K. Weng; Dellamere, Diana M. (LCJD-SFO-GovLP)
**Subject:** RE: Rocket Dog: settlement preparation follow-up

Sarah,

I'm sorry, but I am just now seeing your request that we prepare a stipulation to seek to continue the call with Judge Vadas. I just spoke with his clerk, who indicated that we should be able to move it to July 9 at 1 p.m. if we can get a stipulation on file soon. I am working on getting a draft to you as soon as possible.

**From:** barrowss@gtlaw.com [mailto:barrowss@gtlaw.com]
**Sent:** Friday, June 21, 2013 5:32 PM
**To:** Christopher S. Walters; cunninghamb@gtlaw.com
**Cc:** Garner K. Weng; dellamered@gtlaw.com
**Subject:** RE: Rocket Dog: settlement preparation follow-up

Chris,

Perhaps we can look to either Monday or Thursday for a call? I am travelling on Tues/Wed of next week. Monday I have availability between 3-4 p.m. if that works for you.

I think it makes sense to reschedule the call with Judge Vadas for at least two weeks out to let us have an opportunity to talk on at least one more occasion. Could you prepare and circulate the stipulation? Perhaps we can recommend the week of July 15th?

Have a good weekend,
Sarah

**Sarah Barrows**
Of Counsel
Greenberg Traurig, LLP | 4 Embarcadero Ctr, Ste. 3000 | San Francisco, CA 94111-5983
Tel 415.655.1251
barrowss@gtlaw.com | www.gtlaw.com



**From:** Christopher S. Walters [mailto:CWalters@hansonbridgett.com]
**Sent:** Friday, June 21, 2013 1:20 PM
**To:** Cunningham, Blake (Assoc-SFO-IP-Tech)
**Cc:** Barrows, Sarah (OfCnsl-SFO-LT); Garner K. Weng
**Subject:** RE: Rocket Dog: settlement preparation follow-up

Blake,

1

We think your suggestion of seeking to move the telephonic conference with Judge Vadas makes sense, and we will join in a stipulation to that effect. Do you prefer a week, or would you rather look for slightly more time?

We are going through the case law you sent over last week and we're in the process of organizing a response that we plan to have to you shortly. Perhaps we can schedule a time for a call next week once we have something for you. If you have thoughts around that, please let us know.

Best regards,
Chris

**Christopher S. Walters**
**Attorney**
Hanson Bridgett LLP
(415) 995-5017 Direct
(415) 995-3589 Fax
cwalters@hansonbridgett.com



 

This communication, including any attachments, is confidential and may be protected by privilege. If you are not the intended recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or email, and permanently delete all copies, electronic or other, you may have.

The foregoing applies even if this notice is embedded in a message that is forwarded or attached.

**From:** cunninghamb@gtlaw.com [mailto:cunninghamb@gtlaw.com]
**Sent:** Monday, June 17, 2013 11:55 AM
**To:** Christopher S. Walters
**Cc:** barrowss@gtlaw.com; Garner K. Weng
**Subject:** RE: Rocket Dog: settlement preparation follow-up

CONFIDENTIAL SETTLEMENT COMMUNICATIONS
FED. RULE OF EVIDENCE § 408

Chris and Garner,

Would you have time this week to discuss settlement efforts in the Rocket Dog matter.  We have sent you legal support for our positions that (1) the accelerated royalty provision of the License Agreement is not enforceable; and (2) that Section 11.2 of the Agreement, which would bar damages, is enforceable.  We would like to better understand your position on these issues.  To move the process along, we propose a call towards the end of this week.  The best times for us would be Friday between 9:30 and 10:30 or between 12:30 and 2:30.  Please let us know your availability.

Also, please let us know once you have considered our proposal regarding moving the telephonic meeting with Judge Vadas back a week.

Thanks

**Blake Cunningham**
Associate

Greenberg Traurig, LLP | 4 Embarcadero Ctr, Ste. 3000 | San Francisco, CA 94111-5983
Tel 415.655.1318 | Fax 415.358.4996
cunninghamb@gtlaw.com | www.gtlaw.com

# GT GreenbergTraurig

**From:** Christopher S. Walters [mailto:CWalters@hansonbridgett.com]
**Sent:** Friday, June 14, 2013 3:52 PM
**To:** Cunningham, Blake (Assoc-SFO-IP-Tech)
**Subject:** RE: Rocket Dog: settlement preparation follow-up

Blake,

Sorry not to get back to you sooner. We can give you a two week extension on GMI's responses for now, and we will be willing to discuss further extensions down the road.


-----Original Message-----
**From:** Christopher S. Walters
**Sent:** Thursday, June 13, 2013 03:53 PM Pacific Standard Time
**To:** 'cunninghamb@gtlaw.com'; Garner K. Weng
**Cc:** barrowss@gtlaw.com
**Subject:** RE: Rocket Dog: settlement preparation follow-up

Blake,

Thank you for your follow up. We have just sent another message to our client to confirm whether an extension is agreeable. We will do everything possible to let you know soon. Thank you also for providing additional cases in Sarah's Tuesday e-mail. We are digesting them and hope to have a response soon, whether by phone or in writing.

Best,
Chris

---

**Christopher S. Walters**
**Attorney**
Hanson Bridgett LLP
(415) 995-5017 Direct
(415) 995-3589 Fax
cwalters@hansonbridgett.com





---

This communication, including any attachments, is confidential and may be protected by privilege. If you are not the intended recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or email, and permanently delete all copies, electronic or other, you may have.

The foregoing applies even if this notice is embedded in a message that is forwarded or attached.

**From:** cunninghamb@gtlaw.com [mailto:cunninghamb@gtlaw.com]
**Sent:** Thursday, June 13, 2013 3:40 PM
**To:** Garner K. Weng; Christopher S. Walters
**Cc:** barrowss@gtlaw.com
**Subject:** RE: Rocket Dog: settlement preparation follow-up

Garner and Chris,

I wanted to follow up on Sarah's email from earlier this week since we had not heard back from you. On our call last week, you had agreed in principal that, pending client approval, we should push back the due dates for outstanding discovery requests until after we have had more of a chance to work on settlement efforts. Please let us know if your client has signed-off on this plan. We would propose making the discovery due the same day as our CMC, which should give us adequate time to focus on settlement efforts.

Also, since it is already Thursday and we did not get a chance to follow up on our call from last week, we think it may be worth considering moving the upcoming telephonic meeting with Magistrate Judge Vadas back a week. This would provide us more time to discuss the settlement related issues and for you to provide us with further support for your positions, as discussed in last week's call.

Thanks,
Blake

**From:** Barrows, Sarah (OfCnsl-SFO-LT)
**Sent:** Tuesday, June 11, 2013 5:23 PM
**To:** gweng@hansonbridgett.com; cwalters@hansonbridgett.com
**Cc:** Cunningham, Blake (Assoc-SFO-IP-Tech)
**Subject:** Rocket Dog: settlement preparation follow-up

**CONFIDENTIAL SETTLEMENT COMMUNICATIONS**
**FED. RULE OF EVIDENCE § 408**

Garner and Chris,

I'm glad we had the opportunity to catch up last week.

With respect to the temporary stay on discovery as we prepare for our second settlement conference, have you received approval from your client on this issue?

In addition, per our discussion last week, we are providing you with some additional legal support for GMI's settlement position that we discussed last week.

As discussed, it is GMI's belief that Rocket Dog's attempts to enforce the $680,000 accelerated royalty provision will fail as a matter of law and fact. The accelerated royalty provision is not enforceable where it acts as a penalty that is not tied to the actual amount of damages suffered. Please see the following cases as well as those cited in GMI's settlement statement:

- *Ridgley v. Topa Thrift & Loan Ass'n*, 17 Cal.4th 970 (1998)
- *Atel Financial Corp. v. Quaker Coal Co.*, 132 F. Supp. 2d 1233, 1238-39 (N.D. Cal. 2001)
- *Sybron Corp. v. Clark Hospital Supply Corp.*, 76 Cal. App. 3d 896 (1978)

Further, GMI believes Rocket Dog should consider the impact of Section 11.2 of the license agreement, which bars damages. As a general rule, such provisions are enforceable unless unconscionable or against public policy, which is not the case here. *See e.g., Civic Center Drive Apts. Ltd. v. SW Bell Video*, 295 F. Supp. 2d 1091, 11005-06 (N.D. Cal. 2003).

Best regards,
Sarah

**Sarah Barrows**
Of Counsel
Greenberg Traurig, LLP | 4 Embarcadero Ctr, Ste. 3000 | San Francisco, CA 94111-5983
Tel 415.655.1251
barrowss@gtlaw.com | www.gtlaw.com



If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate such information. Pursuant to IRS Circular 230, any tax advice in this email may not be used to avoid tax penalties or to promote, market or recommend any matter herein.