1 | HANSON BRIDGETT LLP
GARNER K. WENG, SBN 191462
2 | gweng@hansonbridgett.com
LAWRENCE M. CIRELLI, SBN 114710
3 | lcirelli@hansonbridgett.com
CHRISTOPHER S. WALTERS, SBN 267262
4 | cwalters@hansonbridgett.com
425 Market Street, 26th Floor
5 | San Francisco, California 94105
Telephone:   (415) 777-3200
6 | Facsimile:   (415) 541-9366

7 | Attorneys for Plaintiff
ROCKET DOG BRANDS, LLC

8 |

9 | **UNITED STATES DISTRICT COURT**

10 | **NORTHERN DISTRICT OF CALIFORNIA**

11 | ROCKET DOG BRANDS, LLC, a
Delaware limited liability company,

12 |

CASE NO. C12-4643 SI (NJV)

**JOINT CASE MANAGEMENT STATEMENT**

13 |         Plaintiff,

14 |         v.

Date:   July 19, 2013
Time:   3:00 p.m.

15 | GMI CORPORATION, a New York
corporation,

16 |         Defendant.

17 |

18 |

19 |     Plaintiff/Counter-Defendant Rocket Dog Brands, LLC ("Plaintiff" or "Rocket Dog

20 | Brands") and Defendant/Counter-Claimant GMI Corporation ("Defendant" or "GMI")

21 | jointly submit this Updated Case Management Statement in connection with the

22 | upcoming July 19, 2013 Further Case Management Conference.

23 |                           JURISDICTION AND SERVICE

24 |     This Court has diversity jurisdiction over this contract action under 28 U.S.C. §

25 | 1332 because the parties are citizens of different States and the amount in controversy

26 | exceeds $75,000, exclusive of interest and costs.

27 |     Defendant, through its counsel, waived service of the summons and complaint.

28 |

-1-                                    C12-4643 SI

JOINT CASE MANAGEMENT STATEMENT
*NY 243181561v1NY 243181224v1*

5235038.1

## BRIEF STATEMENT OF PRINCIPAL DISPUTED FACTS

Rocket Dog Brands and GMI entered into an agreement on or about October 1, 2010. Rocket Dog Brands alleges that GMI did not fulfill its obligations under the agreement, including by failing to reach minimum sales, pay required royalties to Rocket Dog Brands, adequately promote or develop the market for the footwear products, satisfy all reporting requirement, and obtain required approval for subcontracting. Because of these alleged failures, Rocket Dog Brands has asserted that GMI breached the agreement and that Rocket Dog Brands is entitled to damages for breach of contract and breach of the covenant of good faith and fair dealing, and Rocket Dog Brands has asked for monetary damages that it has estimated to be at least $880,000.

GMI denies that it breached the agreement or the covenant of good faith and fair dealing, and denies that it is liable to Plaintiff for any reason. GMI alleges that Rocket Dog Brands did not fulfill its obligations under the contract, made misrepresentations to GMI in the course of negotiating the contract, and unfairly competed with GMI after the contract was signed, and GMI has asserted a counterclaim against Rocket Dog Brands alleging claims for breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, intentional interference with prospective economic advantage, negligent interference with prospective economic advantage, and unfair business practices. Rocket Dog Brands disputes GMI's counterclaim, denies that it breached the agreement in any way or acted in any other way harmful to GMI, and denies that it is liable to GMI for any reason.

## LEGAL ISSUES

The following are the central legal issues in dispute:

1.      Whether Defendant or Plaintiff, through acts or omissions, breached the parties' written contract.

2.      The extent of Defendant and Plaintiff's damages, if any.

Defendant also contends that the following issues exist:

5235038.1

JOINT CASE MANAGEMENT STATEMENT
*NY 243181561v1NY 243181224v1*

1.      Whether the Accelerated Royalties Provision of the agreement has been triggered and is unenforceable as a matter of law;

2.      Whether the waiver of damages provision of the agreement is enforceable as a matter of law; and

3.      What impact the waiver of damages provision of the agreement has on damages alleged by either Defendant or Plaintiff.

The parties agree that other legal issues may arise and failure to list any legal issue in dispute is not an admission or concession by any party that such legal issue does not currently exist or may not exist. The parties also reserve the right to identify additional legal issues as discovery progresses.

<u>MOTIONS</u>

On June 30, 2013, GMI filed an ex parte application to extend its time to respond to outstanding written discovery until July 15, 2013. Rocket Dog Brands opposed the request. On July 1, 2013, the Court extended GMI's time to respond to Rocket Dog Brands' then outstanding discovery to July 12, 2013.

GMI currently plans to file a motion for summary judgment.

<u>AMENDMENT OF PLEADINGS</u>

The deadline for making amendments to pleadings was April 1, 2013.  The parties reserve the right to seek leave to amend the pleadings in the future should the need become apparent.

<u>EVIDENCE PRESERVATION</u>

The parties have met and conferred regarding appropriate evidence preservation and acknowledge their responsibilities to preserve potentially relevant evidence, including electronically stored information. The parties further agree as follows:

A.    <u>Plaintiff</u>

Rocket Dog Brands has discussed its records preservation obligations with counsel and has taken steps to preserve all documents evidencing or related to its claims

5235038.1

JOINT CASE MANAGEMENT STATEMENT
*NY 243181561v1NY 243181224v1*

1   against Defendant.

2   B.   Defendant

3        GMI has discussed its records preservation obligations with counsel and has taken

4   steps to preserve all documents evidencing or related to Plaintiff's claim against GMI and

5   GMI's claim against Plaintiff.

6                          INITIAL DISCLOSURES

7        The parties served their respective initial disclosures on January 11, 2013.

8                          DISCOVERY

9   A.   Scheduling

10       The present scheduling order sets fact discovery cutoff for August 9, 2013 and the

11  expert discovery cutoff is October 11, 2013.

12       Defendant's Position:

13       The present schedule was entered on April 15, 2012, before the May 22, 2013

14  settlement conference before Magistrate Judge Vadas and before the parties agreed to

15  continue settlement discussions and schedule a status conference with Magistrate Judge

16  Vadas on June 25, 2013, and before the parties extended the time for a continuing Case

17  Management Conference with the Court by five weeks. Given these events, Defendant

18  does not believe an August 9, 2013 discovery cut-off is practicable and believes that an

19  extension of the discovery deadlines in the matter do not have to alter the trial schedule

20  set by the Court to begin trial on February 3, 2014.  Defendant requests, at a minimum,

21  that the fact discovery cutoff of August 9, 2013 be extended by five weeks to September

22  13, 2013, but, as detailed below, believes that a discovery cutoff of October 1, 2013 is the

23  most reasonable to accommodate the Summary Judgment briefing and hearing

24  schedule.

25       As set forth *infra* at the Scheduling section of this Statement, Defendant proposes

26  filing a Summary Judgment motion on two significant contract matters that can be

27  resolved on the undisputed facts to date, to hearing that summary judgment motion on

28

C12-4643 SI

5235038.1

JOINT CASE MANAGEMENT STATEMENT
*NY 243181561v1NY 243181224v1*

1   August 16, 2013, and to extending the deadline for fact discovery until October 1, 2013

2   so that discovery can occur following any summary judgment ruling. As discussed,

3   Defendant's proposed schedule does not change the trial date or pretrial conference the

4   parties had already agreed to and entered by the Court on April 15, 2013 (D.E. 35).  As of

5   the filing of this Statement, the parties are continuing to meet and confer on the schedule

6   to see if agreement can be reached. Pursuant to the Court's July 1, 2012 Order on GMI's

7   *ex parte* application to extend its time to respond to outstanding written discovery, GMI is

8   serving its responses and objections to Plaintiff's first set of discovery today, July 12,

9   2013.  Defendant is also moving today for Summary Judgment and for a short stay of any

10  further discovery pending resolution of the Summary Judgment motion.

11          Defendant strongly objects to Plaintiff's proposal that, in the event discovery is

12  extended, neither party be permitted to serve further written discovery. Defendant

13  respectfully requests to discuss the issue further with the Court at the Case Management

14  Conference on July 19, 2013. The parties just had their settlement status conference with

15  Magistrate Judge Vadas on July 9, 2013 and GMI would like to proceed with early

16  Summary Judgment in an effort to resolve the dispute because settlement at this juncture

17  does not seem possible absent a Court ruling on two critical contract issues.  If the Court

18  does not grant GMI's Summary Judgment Motion, GMI will be prejudiced in seeking

19  necessary discovery in this matter and should not be deemed to have "foregone the

20  opportunity to propound further written requests" as Plaintiff claims because of efforts to

21  resolve the dispute through settlement and early summary judgment.

22          Plaintiff's Position:

23          Defendant's proposal to stay all discovery until after ruling on its motion for

24  summary judgment is prejudicial to Rocket Dog Brands. First, Defendant's proposal

25  seeks to deprive Rocket Dog Brands of the opportunity to conduct discovery that may

26  result in information that is relevant to issues that Defendant may raise in its motion.

27  Second, Defendant's proposed case schedule seeks to condense fact discovery, expert

28

JOINT CASE MANAGEMENT STATEMENT
*NY 243181561v1NY 243181224v1*

1    discovery, and remaining motion practice into a period of weeks, which will result in an

2    excessive burden on Rocket Dog Brands from purely financial and feasibility standpoints.

3    Third, Defendant has not propounded written discovery in this case, and by seeking to

4    extend the fact discovery cutoff now seeks to obtain a benefit that it has already given up,

5    which will likely result in further increased cost to Rocket Dog Brands. For at least these

6    reasons, Rocket Dog Brands opposes Defendant's proposed extensions and changes to

7    the case schedule.

8         To the extent the Court is inclined to consider a revised case schedule, Rocket

9    Dog Brands does not object to extending all dates to allow for orderly and non-prejudicial

10   proceedings. However, although Rocket Dog Brands does not object to extending the full

11   case schedule by a short period, it will ask that in the event the discovery cutoff is

12   extended, that neither party be permitted to serve further written discovery as the

13   deadline for doing so has passed and each party has therefore already foregone the

14   opportunity to propound further written requests.

15   B.    <u>Subjects</u>

16        Plaintiff has propounded initial rounds of discovery on several subjects related to

17   the obligations and performance of the parties' licensing agreement, and Plaintiff may

18   need to take further discovery the extent permitted under the Federal Rules on at least

19   the following subjects:

20        1.    Defendant's performance of its contractual obligations.

21        2.    Defendant's income from activities related to its performance of the

22   agreement.

23        3.    Defendant's ability to perform its contractual obligations, including its sales,

24   distribution, marketing, and development capabilities for footwear products, and ability to

25   satisfy reporting and payment requirements.

26        4.    Any roles of Defendant's related and affiliated companies in fulfilling its

27   contractual obligations.

28

5235038.1

-6-                                            C12-4643 SI

1      5.      Defendant's corporate structure and relationships.

2      Defendant intends to seek discovery to the extent permitted under the Federal

3 Rules on at least the following subjects:

4      1.      Plaintiff's performance of its contractual obligations.

5      2.      Plaintiff's conduct hindering Defendant's ability to perform certain

6 contractual obligations.

7      3.      Plaintiff's representations and omissions to GMI prior to and during the

8 negotiation and performance of the contractual agreement at issue.

9      4.      Plaintiff's knowledge of GMI's third-party economic relationships and

10 interference with such relationships.

11 C.    <u>Limitations or Modifications</u>

12      The parties do not currently believe there is a need to limit or modify the applicable

13 rules for discovery.

14 D.    <u>Privilege Assertions</u>

15      The parties agree to prepare privilege logs detailing any claims of privilege.

16 E.    <u>Confidentiality</u>

17      The parties are presenting conferring on an appropriate stipulated protective order

18 that they will endeavor in good faith to submit to the Court shortly.

19 F.    <u>Electronic Discovery</u>

20      The parties agree to meet and confer to consider and set parameters for searching

21 (including among other things search terms and custodians) and producing electronically

22 stored information.

23                          <u>CLASS ACTIONS</u>

24      Not applicable.

25                          <u>RELATED CASES</u>

26      None.

27

28

JOINT CASE MANAGEMENT STATEMENT
*NY 243181561v1NY 243181224v1*

RELIEF

A.      <u>Plaintiff</u>

Plaintiff seeks monetary damages and attorneys' fees.

B.      <u>Defendant</u>

Defendant seeks monetary and punitive damages and attorneys' fees.  On July 9, 2013 Defendant made an Offer of Judgment per Fed. R. Civ. P. 68.  The offer will expire on July 23, 2013.

SETTLEMENT AND ADR

The parties engaged in a settlement conference with Magistrate Judge Nandor J. Vadas on May 22, 2013. Although a settlement was not reached, some progress was made and the parties and Judge Vadas have discussed the possibility of conducting a follow-up session. Defendant has declined to participate in a further settlement conference with Judge Vadas. A status conference with Judge Vadas is set for September 10, 2013.

CONSENT TO MAGISTRATE JUDGE

Plaintiff has declined to have a magistrate judge conduct all further proceedings.

OTHER REFERENCES

At this time, the parties do not believe there is a need for reference to special masters or other references.

NARROWING OF ISSUES

The parties will endeavor in good faith to narrow the issues, claims, and defenses. Defendant believes the summary judgment motion to be filed July 12, 2013 and scheduled for a hearing on August 16, 2013 should significantly narrow or focus the case going forward.  Rocket Dog Brands believes that Defendant's summary judgment motion is without merit and will only serve to drive up both parties' fees and costs.

EXPEDITED PROCEDURES

At this time, the parties are not aware of any need for expedited procedures.

5235038.1

JOINT CASE MANAGEMENT STATEMENT
*NY 243181561v1NY 243181224v1*

C12-4643 SI

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>SCHEDULING</u>

The Court has ordered the following case schedule, with all other provisions of the

Court's January 22, 2013 Pretrial Preparation Order remaining in effect:

| EVENT | DATE (and time if applicable) |
|---|---|
| NON-EXPERT DISCOVERY CUTOFF | 08/09/13 |
| DESIGNATION OF EXPERTS | 08/30/12 |
| REBUTTAL EXPERTS | 09/20/13 |
| EXPERT DISCOVERY CUTOFF | 10/11/13 |
| DISPOSITIVE MOTIONS FILING DEADLINE | 11/01/13 |
| OPPOSITION TO DISPOSITIVE MOTIONS | 11/22/13 |
| REPLY ON DISPOSITIVE MOTIONS | 12/13/13 |
| LAST DAY TO HEAR DISPOSITIVE MOTIONS | 12/20/13 at 9:00 a.m. |
| PRETRIAL CONFERENCE | 01/21/14 at 3:30 p.m. |
| TRIAL | 02/03/14 at 8:30 a.m. |

Defendant's Proposed Revised Case Schedule, to which Rocket Dog Brands objects for the reasons set forth above in the Discovery section:

| EVENT | DATE |
|---|---|
| Summary Judgment Motion | 07/12/13 |
| Continuing Case Management Conference | 07/19/13 at 3:00 p.m. |
| Opposition to Summary Judgment Motion | 07/26/13 |

5235038.1

C12-4643 SI

JOINT CASE MANAGEMENT STATEMENT
*NY 243181561v1NY 243181224v1*

| Reply to Summary Judgment Motion | 08/02/13 |
|---|---|
| Summary Judgment Hearing | 08/16/13 at 9:00 a.m. |
| Non-Expert Discovery Cutoff | ~~08/09/13~~ <br> 10/1/13 |
| Initial Expert Reports | ~~8/30/12~~ <br> 10/22/13 |
| Responsive Expert Reports | ~~9/20/13~~ <br> 11/12/13 |
| Close of Expert Discovery | ~~10/11/13~~ <br> 11/19/13 |
| Additional Dispositive Motions | ~~11/22/13~~ <br> 11/22/13 |
| Opposition to Dispositive Motions | ~~11/22/13~~ <br> 12/06/13 |
| Reply on Dispositive Motions | 12/13/13 |
| Last Day to Hear Dispositive Motions | 12/20/13 at 9:00 a.m. |
| Pre-Trial Conference | 01/21/14 at 3:30 p.m. |
| Trial | 02/03/14 at 8:30 a.m. |

<u>TRIAL</u>

The parties have requested a jury trial and expect the trial to take approximately 5-7 court days.

5235038.1

C12-4643 SI

JOINT CASE MANAGEMENT STATEMENT
*NY 243181561v1NY 243181224v1*

1

<u>INTERESTED PARTIES</u>

2

Pursuant to Civ. L.R. 3-16, the parties have filed Certifications of Interested

3

Entities or Persons. For Plaintiff, other than Rocket Dog Brands Holdings, LLC and

4

Rocket Dog Brands Corp., there are no other interested parties to report. For Defendant,

5

other than GMI USA Corp. and Stefano Maroni, there are no other interested parties to

6

report.

7

DATED: July 12, 2013                          HANSON BRIDGETT LLP

8

9

By:    */s/ Christopher S. Walters*

10

GARNER K. WENG
LAWRENCE M. CIRELLI

11

CHRISTOPHER S. WALTERS
Attorneys for Plaintiff

12

ROCKET DOG BRANDS, LLC

13

14

DATED: July 12, 2013                          GREENBERG TRAURIG, LLP

15

16

By:    */s/ Sarah E. Barrows*

17

SARAH E. BARROWS
Attorneys for Defendant

18

GMI CORPORATION

19

20

I, Christopher S. Walters, am the ECF User whose ID and password are being

21

used to file this JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND RULE

22

26(f) REPORT.

23

In compliance with General Order 45, X.B., I hereby attest that counsel whose e-

24

signature appears on the foregoing signature page has concurred with this filing.

25

26

Dated: July 12, 2013            By:    */s/ Christopher S. Walters*

27

Christopher S. Walters

28

-11-                                  C12-4643 SI

5235038.1

JOINT CASE MANAGEMENT STATEMENT
*NY 243181561v1NY 243181224v1*