Sarah E. Barrows (SBN 253278)
GREENBERG TRAURIG, LLP
Four Embarcadero Center, Suite 3000
San Francisco, CA 94111
Telephone:  (415) 655-1300
Facsimile:  (415) 707-2010
Email: barrowss@gtlaw.com

*Attorneys for Defendant*
GMI USA CORP.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

ROCKET DOG BRANDS, LLC, a

Delaware limited liability company,

      Plaintiff,

      v.

GMI CORPORATION, a New York

corporation,

      Defendants.

CASE NO.  C12-4643 SI

**DEFENDANT'S NOTICE OF MOTION
AND MOTION TO STAY DISCOVERY**

Date:        August 16, 2013
Time:       9:00 a.m.
Courtroom:  10, 19th Floor

**TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD**:

      **PLEASE TAKE NOTICE** that on August 16, 2013 at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 10 – Nineteenth Floor of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California, Defendant GMI USA Corp. ("GMI") will, and hereby does, moves to stay discovery pending the Court's decision on Defendant's motion for summary judgment.

      Pursuant to Federal Rule of Civil Procedure 26(c), Defendant GMI, acting through its counsel, makes this Motion for Protective Order with the accompanying Proposed Order, to defer further discovery in this litigation until the Court hands down its ruling on GMI's motion for summary judgment in the interests of judicial economy and efficiency, and to avoid undue and potentially unnecessary burden to all parties.

## I.    INTRODUCTION & BACKGROUND

By this motion, GMI requests a stay of discovery pending the Court's resolution of GMI's motion for summary judgment, filed contemporaneously with this motion.  GMI submits that summary judgment is especially appropriate in this case based on several facts not in dispute and matters of law that the Court can decide.  No discovery is necessary for the Court to decide the legal issues before it.  Summary judgment will narrow the issues in the case, likely facilitate the parties' attempt to settle the case and, even if the case proceeds, will narrow the scope of discovery.  Discovery should therefore be briefly stayed, during the pendency of GMI's motion for summary judgment.[1]  GMI acknowledges that its responses and objections to Rocket Dog's first set of written discovery are due on July 12, 2013 and is serving its responses and objections to that discovery on July 12, 2013.  GMI thus respectfully requests a stay of any further discovery in this matter during the pendency of GMI's motion for summary judgment.

GMI and Rocket Dog have been engaged in diligent and ongoing settlement discussions.  The main point of contention, however, is whether Rocket Dog's attempt to invoke a provision accelerating the payment of minimum royalties in the amount of $680,000 is legally tenable.  That provision is the main thrust of Rocket Dog's damages, accounting for over seventy-five percent of the damages Rocket Dog claims, and, unsurprisingly, is also the main issue in GMI's motion for summary judgment.  The Court's resolution of that question will dispose not only of that issue, but may as a practical matter also lead to the parties settling their differences as to any remaining issues.

GMI's motion for summary judgment is straightforward.  As mentioned, the main thrust of Rocket Dog's damages demand is that a payment GMI wired to Rocket Dog on April 30, 2012, the deadline for payment, but which Rocket Dog alleges it did not receive until the following day, was untimely.  Rocket Dog alleges that was a default under the license agreement,

---

[1] Counsel for Defendant met and conferred with counsel for Rocket Dog in an effort to avoid motion practice on the issue of a stay of discovery, but was unable to come to a mutually acceptable agreement.  *See* July 12, 2013 Declaration of Sarah E. Barrows In Support of GMI's Summary Judgment Motion at ¶ 2.

1   and it can thus invoke a clause in the agreement to accelerate $680,000 in royalties for

2   immediate payment by GMI.

3          The Court must first determine if any payment by GMI was required in light of its

4   positive balance from previous overpayments, which are undisputed and reflected in the parties'

5   agreements.  The further question of whether GMI's payment on April 30, 2012 was timely is to

6   be decided under the terms of the agreement—which speak to GMI's obligation to make a

7   "payment" – and California case law finding that an obligation to remit payment is satisfied upon

8   sending the funds to the recipient.  Again, no discovery is necessary to decide these issues.

9          If Rocket Dog somehow clears these hurdles, the question of the enforceability of the

10  accelerated royalties provision arises.  Under well-settled California law, any liquidated damages

11  provision such as the accelerated royalties provision must be reasonable and tied to the amount

12  of actual damages suffered.  As discussed GMI's motion for summary judgment, liquidated

13  damages are enforceable only if, at time of contract, damages were difficult to ascertain and the

14  stipulated damage provision represents a reasonable endeavor by the parties to ascertain actual

15  damages. *Altel Financial Corp. v. Quaker Coal Co.*, 132 F. Supp. 2d 1233, 1238-39 (N.D. Cal.

16  2001).  "A liquidated damages clause will generally be considered unreasonable, and hence

17  unenforceable…if it bears no reasonable relationship to the range of actual damages that the

18  parties could have anticipated would flow from a breach." *Ridgley v. Topa Thrift & Loan Ass'n*,

19  17 Cal.4th 970 (1998).  A penalty provision may be unenforceable if the penalty is not

20  proportional to the damages suffered.  *Sybron Corp. v. Clark Hospital Supply Corp.*, 76 Cal.

21  App. 3d 896 (1978).  The determination of this question is a matter of law for the Court.

22  *Greentree Fin. Group, Inc. v. Execute Sports, Inc.*, 163 Cal. App. 4th 495, 499 (2008).

23         Again, no discovery is necessary on this issue.  In this case, there is no apparent

24  relationship between the $680,000 "accelerated royalties" amount and the amount of *de minimis*

25  damages (if any) claimed by Rocket Dog for the minor inconvenience of waiting one day to

26  receive a payment, nor is there one which could have been anticipated at the time of contracting.

27

28

The other breaches alleged by Rocket Dog are based on purported breaches of other provisions that do not implicate the accelerated royalties provision.  They should be dismissed as a result of the agreement's plain language precluding any damages to be awarded to the other party arising from performance or non-performance under the agreement.  These claims involve a number of areas of potential factual inquiry, but for no good reason, and summary judgment dismissal of the claims would obviate the need for any such discovery.

Given the undisputed facts and circumstances and plain language of the agreement, there is a significant chance that the need for discovery will be dramatically narrowed or altogether eliminated after resolution of GMI's motion for summary judgment.  A brief stay of discovery pending the ruling on GMI's motion does not require altering the trial schedule in this matter,[2] would serve the interests of judicial economy and will avoid costly discovery that may well be unnecessary if Plaintiff's claims can be disposed of on summary judgment.  GMI submits that the Court should first decide whether Plaintiff's claims are barred as a matter of law before the litigation proceeds any further, with discovery taking place only if necessary after resolution of GMI's motion for summary judgment.

As explained further *infra*, the Court has broad discretion to manage discovery.  Since the Court may find in favor of summary judgment, it is clear that deferring discovery pending the Court's decision of GMI's Motion will eliminate the needless expenditure of the parties' time, efforts, and resources, as well as promote judicial economy.

## II.   ARGUMENT

### A.   The Court Has Broad Discretion To Manage Discovery

The trial court has broad discretion and the inherent power to manage the timing and scope of discovery.  *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery."); *MedImmune, LLC v. PDL Biopharma, Inc.*, No. C 08-5590 JF (HRL), 2010 WL 3636211, at *2 (N.D. Cal. Sept. 14, 2010) (deferring damages discovery until after dispositive motion practice and observing that the Court may avail

---

[2] Defendant's proposed revised case schedule is contained in the Joint Case Management Statement due to the Court on July 12, 2013 in advance of the July 19, 2013 continuing Case Management Conference.  (D.E. 47).

itself of its inherent power to manage the timing as well as the scope of discovery); *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 289 (S.D. Cal. 2000) (noting the Court's authority to limit the scope of discovery to avoid undue burden or expense to one party under Fed. Rule Civ. P. 26(c)(4)).

In determining whether discovery should be stayed or otherwise limited, "the Court should inevitably balance the harm of staying discovery with the benefit of allowing discovery to continue." *GTE Wireless, Inc.*, 192 F.R.D. at 289 (staying discovery on damages because "balancing of harm" test showed defendant would have been significantly burdened by turning over "highly sensitive and proprietary information" and "would have to sort through a vast amount of information.").

### B.  Rocket Dog Will Not Suffer Prejudice if Discovery is Deferred Until After the Court's Ruling on GMI's Motion for Summary Judgment

In considering the balance of harms, the factors weighing against a stay of discovery—unnecessary delay, additional expense or some other form of prejudice—are utterly non-existent in this instance because staying discovery until after the Court's ruling on GMI's motion for summary judgment will not cause undue delay, additional expense or any other form of prejudice to Rocket Dog.  Quite the contrary, deferral would promote judicial economy and avoid expensive discovery that would be rendered irrelevant by a ruling in favor of GMI's motion. *See, e.g., In re Cygnus Telecomm. Tech., LLC*, 385 F. Supp. 2d 1022 (N.D. Cal. 2005) (considering delay and prejudice to plaintiff and staying case pending reexamination despite potential three year delay because stay did not provide unfair tactical advantage and could simplify issues for trial).

### C.  Discovery Should be Stayed Until the Court Rules on Defendant's Motion For Summary Judgment

The Court's ruling on Defendant's motion for summary judgment may dismiss Rocket Dog's claims and greatly narrow the issues remaining in this case.  If GMI's motion is granted,

the only contested items that would remain in the case would be GMI's counterclaims. In that new landscape, it would likely be easier for the parties to settle their disputes. Even if not, it would waste resources to proceed to discovery in piecemeal fashion on the counterclaims and result in unnecessary duplication. All discovery should wait until parties know what claims remain in the case. A stay of discovery pending a ruling on GMI's motion for summary judgment will therefore protect both parties from unnecessary expense and protect GMI from undue burden without prejudicing Rocket Dog in any way.

**III.    CONCLUSION**

NOW, THEREFORE, the GMI through its counsel respectfully request that the Court grant a protective order to stay all discovery until it rules upon Defendants' motion for summary judgment.


DATED: July 12, 2013                               GREENBERG TRAURIG, LLP


By: _/s/ Sarah Barrows_____
Sarah E. Barrows (SBN 253278)
barrows@gtlaw.com
GREENBERG TRAURIG, LLP
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111-5983
Tel: (415) 655-1300
Fax: (415) 707-2010

*Attorneys for Defendant*
GMI USA CORP.