IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCKET DOG BRANDS, LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>GMI CORP.,<br><br>        Defendant.<br>                                  / | No. C 12-4643 SI<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S RULE 54(d) MOTION** |

Defendant's motion for summary judgment and plaintiff's motion for relief pursuant to Federal Rule of Civil Procedure 54(d) were scheduled for a hearing on September 13, 2012. Pursuant to Civil Local Rule 7-1(b), the Court determined that these matters are appropriate for resolution without oral argument, and VACATED the hearing. For the reasons set forth below, the Court DENIES defendant's motion for summary judgment without prejudice and GRANTS plaintiff's motion for relief under Rule 54(d).

**DISCUSSION**

Defendant/counter-claimant moves for summary judgment on plaintiff/counter-defendant's claims for breach of contract and breach of the covenant of good faith and fair dealing. The complaint alleges that defendant breached the parties' license agreement in numerous ways, including by failing to pay all royalties due to plaintiff and by failing to fulfill its obligations regarding advertising expenditures. Compl. ¶ 25. Plaintiff terminated the agreement in June 2012.

Defendant acknowledges that discovery is in its early stages,[1] but contends that the Court can grant summary judgment because the undisputed facts and the provisions of the license agreement show that defendant did not breach the parties' license agreement. Defendant contends that there was no breach because (1) it did not default on royalty payments because it paid plaintiff sufficient royalties so as to keep a running positive balance on its royalty payment obligations; (2) defendant's April 30, 2012 royalty payment, which was due on April 30, 2012 and received by plaintiff on May 1, 2012, was timely made because defendant wired that payment at 4:45 pm on April 30, 2012; (3) the contract provisions regarding acceleration of unpaid royalty payments in the event of a default in defendant's "payment obligations" was not triggered because defendant had a positive balance on its royalty payments, its April 30, 2012 royalty payment was timely, and "payment obligations" in this context only applied to royalty payments, not advertising expenditures; (4) the accelerated royalties provision is an unenforceable penalty under California law because it results in a payment of $680,000 that is "so utterly disproportionate to whatever *de minimis* damages Rocket Dog would have suffered"; and (5) plaintiff is not entitled to any contract damages beyond unpaid royalty payments and advertising expenditures because the parties waived all other types of damages and specified that termination of the contract was the only remedy.

Plaintiff opposes summary judgment and has filed a motion for relief pursuant to Federal Rule of Civil Procedure 54(d). Plaintiff contends that the Court cannot resolve as a matter of law the numerous issues of contract interpretation and issues of fact raised by defendant's motion, and plaintiff asserts that its outstanding discovery requests are relevant to these questions. Plaintiff argues that there are disputed material facts regarding whether the contract provisions regarding acceleration were triggered, such as whether the parties intended "payment obligations" to include advertising expenditures or only royalty payments. Plaintiff also argues that there are factual disputes regarding the amounts and timeliness of several of defendant's royalty payments, and plaintiff disputes that defendant had a running positive balance on its royalty payments. Plaintiff also argues that defendant has not submitted any evidence showing that the acceleration provisions did not bear a reasonable

---

[1] Defendant moved for a stay of discovery when it filed the instant motion for summary judgment. The Court denied that motion.

relationship to the range of harm that was reasonably anticipated at the time the parties entered into the contract. Finally, plaintiff argues that there are disputes of fact as to whether the parties intended to waive direct or general contract damages, as opposed to waiving indirect, special or exemplary damages.

On this record, the Court finds that summary judgment is inappropriate. Defendant contends that the disputed terms of the contract are clear and unambiguous, and therefore that the Court need not consider extrinsic evidence to interpret the contract. However, "[t]he test of admissibility of extrinsic evidence to explain the meaning of a written instrument is not whether it appears to the court to be plain and unambiguous on its face, but whether the offered evidence is relevant to prove a meaning to which the language of the instrument is reasonably susceptible." *Pacific Gas & Elec. Co. v. G. W. Thomas Drayage & Rigging Co.*, 69 Cal.2d 33, 37 (1968). "[R]ational interpretation requires at least a preliminary consideration of all credible evidence offered to prove the intention of the parties. . . . If the court decides, after considering this evidence, that the language of a contract, in the light of all the circumstances, 'is fairly susceptible of either one of the two interpretations contended for . . .,' extrinsic evidence relevant to prove either of such meanings is admissible." *Id*. at 39-40 (internal citations omitted). In light of the relatively early stage of discovery in this case, the contract interpretations advanced by plaintiff, and the factual disputes regarding, *inter alia*, whether defendant had a running positive balance on its revenue payments, the Court finds it prudent to DENY defendant's motion for summary judgment without prejudice to renewal on a fuller factual record and to GRANT plaintiff's motion for relief under Rule 54(d).

**CONCLUSION**

For the reasons set forth above, the Court DENIES defendant's motion for summary judgment without prejudice and GRANTS plaintiff's motion for relief under Rule 54(d). Docket Nos. 49 and 61.

**IT IS SO ORDERED.**

Dated: September 17, 2013

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

3